J-S63026-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| :--- | :--- | :--- |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES DALEY | : | |
| | : | |
| Appellant | : | No. 470 WDA 2018 |

Appeal from the Judgment of Sentence February 9, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0013809-2016

BEFORE: OTT, J., MURRAY, J., and STEVENS*, P.J.E.

MEMORANDUM BY MURRAY, J.:               **FILED OCTOBER 30, 2018**

James Daley (Appellant) appeals from the judgment of sentence imposed after he pled guilty to one count each of involuntary deviate sexual intercourse (IDSI), aggravate indecent assault of a victim less than 13 years of age, and endangering the welfare of a child (EWOC); in addition, Appellant pled guilty to two counts of aggravated indecent assault of a child.[1] Appellant's counsel, Richard T. Haft, Esquire (Counsel), seeks to withdraw from representation pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009). Upon review, we grant Counsel's petition to withdraw and affirm Appellant's judgment of sentence.

---

[1] 18 Pa.C.S.A. §§ 3123(a)(7), 3125(a)(7), 4304(a)(1), and 3125(a)(1).

---

* Former Justice specially assigned to the Superior Court.

On November 20, 2017, Appellant pled guilty to the aforementioned crimes. The plea was open with respect to Appellant's sentence. On February 9, 2018, the trial court sentenced Appellant to an aggregate term of 134 to 268 months of incarceration, followed by five years of probation. Appellant filed a post-sentence motion on February 20, 2018, which the trial court denied on February 22, 2018. No direct appeal was filed.

On March 28, 2018, Appellant filed a motion to reinstate appellate rights, which the trial court granted. This timely appeal followed. Both Appellant and the trial court have complied with Pennsylvania Rule of Appellant Procedure 1925. On July 31, 2018, Counsel filed an *Anders* brief and petitioned for leave to withdraw with this Court.

At the outset, we note that there are particular mandates that counsel seeking to withdraw pursuant to *Anders* must follow. These mandates and the significant protection they provide to an *Anders* appellant arise because a criminal defendant has a constitutional right to a direct appeal and to counsel on that appeal. *Commonwealth v. Woods*, 939 A.2d 896, 898 (Pa. Super. 2007). We have summarized these requirements as follows:

> Direct appeal counsel seeking to withdraw under *Anders* must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an *Anders* brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.
>
> *Anders* counsel must also provide a copy of the *Anders* petition and brief to the appellant, advising the appellant of the right to

retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.

If counsel does not fulfill the aforesaid technical requirements of **Anders,** this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with **Anders** or file an advocate's brief on Appellant's behalf).

**Id.** (citations omitted).

Additionally, there are requirements as to precisely what an **Anders** brief must contain:

[T]he Anders brief that accompanies court-appointed counsel's petition to withdraw … must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d 349, 361 (Pa. 2009). When faced with a purported **Anders** brief, we may not review the merits of the underlying issues without first deciding whether counsel has properly requested permission to withdraw. **Commonwealth v. Wimbush**, 951 A.2d 379, 382 (Pa. Super. 2008) (citation omitted). If counsel has met these obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." **Santiago**, 978 A.2d at 354 n.5.

Instantly, we conclude that Counsel has complied with the requirements outlined above. Counsel has filed a petition with this Court stating that after

reviewing the record, he finds this appeal to be wholly frivolous. Motion to Withdraw as Counsel, 7/31/18, at ¶ 12. In conformance with *Santiago*, Counsel's brief includes summaries of the facts and procedural history of the case, and discusses the issues he believes might arguably support Appellant's appeal. *See Anders* Brief at 16-18. Counsel's brief sets forth his conclusion that the appeal is frivolous and includes citation to relevant authority. *See id.* at 17-19. Finally, Counsel has attached to his petition to withdraw the letter that he sent to Appellant, which enclosed Counsel's petition and *Anders* brief. Counsel's letter advised Appellant of his right to proceed *pro se* or with private counsel and to raise any additional issues that he deems worthy of this Court's consideration.

Counsel's *Anders* brief advances Appellant's argument challenging the discretionary aspects of Appellant's sentence. We recognize:

> Sentencing is a matter vested in the sound discretion of the sentencing judge. The standard employed when reviewing the discretionary aspects of sentencing is very narrow. We may reverse only if the sentencing court abused its discretion or committed an error of law. A sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision. We must accord the sentencing court's decision great weight because it was in the best position to review the defendant's character, defiance or indifference, and the overall effect and nature of the crime.

*Commonwealth v. Cook*, 941 A.2d 7, 11-12 (Pa. Super. 2007) (internal quotations and citations omitted).

"The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal." *Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1265 (Pa. Super. 2014), *appeal denied*, 104 A.3d 1 (Pa. 2014). "An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence." *Id.* We conduct this four-part test to determine whether:

> (1) the appellant preserved the issue either by raising it at the time of sentencing or in a post[-]sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of his appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

*Commonwealth v. Baker*, 72 A.3d 652, 662 (Pa. Super. 2013) (citation omitted), *appeal denied*, 86 A.3d 231 (Pa. 2014). "A defendant presents a substantial question when he sets forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." *Commonwealth v. Dodge*, 77 A.3d 1263, 1268 (Pa. Super. 2013) (quotations and citations omitted), *appeal denied*, 91 A.3d 161 (Pa. 2014).

Here, Appellant has complied with the first three prongs of the discretionary aspect test to invoke our jurisdiction by raising his issue in a timely post-sentence motion, filing a timely notice of appeal, and including in his appellate brief a Rule 2119(f) concise statement. We therefore proceed to determine whether Appellant has raised a substantial question for our review.

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. ***Commonwealth v. Paul***, 925 A.2d 825, 828 (Pa. Super. 2007). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental normal which underlie the sentencing process." ***Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa. Super. 2013) (citation and quotation marks omitted).

A court's exercise of discretion in imposing a sentence concurrently or consecutively does not ordinarily raise a substantial question. ***Commonwealth v. Mastromarino***, 2 A.3d 581, 587 (Pa. Super. 2010), ***appeal denied***, 14 A.3d 825 (Pa. 2011). Rather, the imposition of consecutive rather than concurrent sentences will present a substantial question in only "the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." ***Commonwealth v. Lamonda***, 52 A.3d 365, 372 (Pa. Super. 2012), ***appeal denied***, 75 A.3d 1281 (Pa. 2013).

> To make it clear, a defendant **may** raise a substantial question where he receives consecutive sentences within the guideline ranges if the case involves circumstances where the application of the guidelines would be clearly unreasonable, resulting in an excessive sentence; however, a bald claim of excessiveness due to the consecutive nature of a sentence will not raise a substantial question.

***Dodge***, 77 A.3d at 1270 (emphasis in original).

Here, Appellant baldly asserts that the trial court abused its discretion in imposing a sentence that was "excessive or not within the guidelines as proscribed by law." **Anders** Brief at 3. This assertion does not constitute a substantial question for our review. **See Commonwealth v. Gonzalez-Dejusus**, 994 A.2d 595, 599 (Pa. Super. 2010). Because Appellant entered into an open plea, his sentence was left to the discretion of the trial court. **Cook**, 941 A.2d at 11. Likewise, the fact that the trial court, in fashioning its sentence, imposed the sentences for each of his offenses consecutively, does not present a substantial question. **See Mastromarino**, 2 A.3d at 587. Therefore, Appellant's sentencing claim is without merit.

Moreover, our independent review of all the proceedings discloses no other non-frivolous issues that Appellant could raise on appeal. **See Commonwealth v. Dempster**, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*). Thus, we grant Counsel's petition to withdraw, and affirm Appellant's judgment of sentence.

Petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/30/2018

- 7 -